No. 30,531.

In re Appeal of C. E. MOORE from Decision and Award of Commissioners of the Delaware Drainage District No. 2, in Atchison County. (C. E. MOORE, *Appellee*, v. DELAWARE DRAINAGE DISTRICT No. 2, *Appellant*.)

(11 P. 2d 742.)

Opinion filed June 4, 1932.

*Lloyd Morris,* of Oskaloosa, for the appellant.

*Maurice P. O'Keefe* and *Ralph U. Pfouts,* both of Atchison, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an appeal from an award of damages for land taken in a condemnation proceeding by a drainage district. The appellee owned a stock farm of about 80 acres, of which about 15 acres was meadow, about 15 acres farm land, and the balance pasture. The farm land was in the Delaware river bottom and was ordinarily used for raising corn, which appellee fed to the stock. The drainage district, to prevent floods, straightened the channel of the river by cutting a new channel across a part of plaintiff's farm land. The area of the farm land taken by the new channel and its banks was 5.2 acres. By appropriate proceedings the drainage district condemned this land, and appraisers were appointed. Appellee, not being satisfied with their award, appealed to the district court, where there was a trial to a jury. The jury allowed plaintiff at the rate of $200 per acre for the land actually taken, and also allowed $30 for growing wheat and $10 for trees destroyed. No complaint is made of these small items. The jury allowed no damages to the land of the appellee which was not taken, although evidence was offered with respect to such damages and the court instructed the jury thereon.

The drainage district has appealed and contends that the court erred in receiving evidence and instructing the jury concerning damages to the land not taken by the ditch and its banks. Since

the verdict of the jury, approved by the trial court, was favorable to appellant on this question we are unable to see how appellant is harmed. Appellant argues that perhaps the jury allowed more for the land taken than it would have allowed if this evidence had not been received and instructions relating thereto had not been given. The record does not disclose a fair basis for this argument. Appellee testified that the land taken was worth $500 per acre, and a number of witnesses called on his behalf testified that the reasonable market value of the land taken was $300 per acre. Witnesses called on behalf of the drainage district placed the value of the land taken at $85 to $90 per acre. In view of this testimony, the finding of the jury that the land taken was worth $200 per acre cannot be said to be without substantial evidence to support it, nor that the finding of such value indicates prejudice. As to damages to the land not taken, the evidence was in conflict. Some witnesses testified that the farm as a whole was decreased in value by reason of the fact that practically a third of the only good farm land on the place had been taken. Other witnesses were of the view that the value of the remaining land was not affected by the taking of the 5.2 acres for the new channel of the river.

Perhaps there is some room for criticism of some of the evidence received on behalf of appellee with respect to the depreciation of the income which might be made from the farm as a whole because of the taking of the 5.2 acres, and of some of the language used in one of the court's instructions, on the ground that the testimony received was too remote and speculative. In view of the fact that the appellant won on that point in the court below we do not deem the question properly before us.

The judgment of the court below is affirmed.